# IN THE COURT OF APPEALS OF IOWA

No. 19-1953
Filed November 23, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DESHAUNA MONEE CULPEPPER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Brook K. Jacobsen, District Associate Judge.

Defendant appeals her convictions for possession of marijuana and assault of a peace officer. **AFFFIRMED.**

Jared R. Weber of Weber Law Firm, Orange City, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Badding, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

DeShauna Culpepper appeals her convictions for possession of marijuana and assault of a peace officer. Culpepper did not preserve error on her claim concerning the sufficiency of the evidence to support her conviction for assault of a peace officer. She is unable to raise her claims of ineffective assistance of counsel in this direct appeal. We affirm the trial court.

## I.      Background Facts & Proceedings

On October 7, 2018, Deputy Matthew Harris of the Black Hawk County Sheriff's Department noticed a vehicle had a brake light out. After he stopped the vehicle, he noticed a strong odor of marijuana. Culpepper was the driver. Deputy Harris searched the vehicle and found a marijuana roach. Deputy Brandon Mast attempted to search Culpepper's purse, but she began to struggle. Deputy Harris went over to assist. He testified Culpepper kicked him in the groin. She continued to struggle, and Deputy Harris stated Culpepper attempted to kick him a second time. She threatened to headbutt Deputy Mast. Officers found an additional amount of marijuana in Culpepper's purse.

Culpepper was charged with possession of marijuana, second offense, in violation of Iowa Code section 124.401(5) (2018), and assault of a peace officer, in violation of section 708.3A(4). At the jury trial, she did not dispute the charge of possession of marijuana. The court denied Culpepper's motion for judgment of acquittal on the charge of assault of a peace officer. The jury found Culpepper guilty of both charges. She was sentenced to 180 days in jail on each count, with all but fourteen days suspended, to be served concurrently. Culpepper appeals.

## II. Sufficiency of the Evidence

Culpepper contends the State did not present sufficient evidence to show she committed the offense of assault of a peace officer. She contends the State did not prove beyond a reasonable doubt that she acted with the specific intent to assault Deputy Harris. *See State v. Taylor*, No. 15-2128, 2017 WL 935066, at *2 (Iowa Ct. App. Mar. 8, 2017) (discussing the proof-of-specific-intent element in a charge of assault of a peace officer).

The State claims Culpepper has not preserved this issue for appeal because it was not raised in her motion for judgment of acquittal. "Counsel does not preserve error on a sufficiency-of-evidence issue when counsel makes a general motion for judgment of acquittal but fails to identify specific elements of the charge not supported by the evidence." *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019). There is an exception to this rule of error preservation "when 'grounds for a motion were obvious and understood by the trial court and counsel.'" *Id.* (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005)).

At the close of the State's evidence, defense counsel stated:

> On behalf of Miss Culpepper at this time we would make a motion for a directed verdict in her favor of an acquittal. We believe even in the light most favorable to the State that there has not been a issue of fact for the jury to determine at this point in the proceedings. Deputy Mast has just testified he didn't see any assault, and I believe Deputy Harris has indicated in his testimony that the alleged attempt to kick him did not make any contact and that is not the basis of any assault charge. So in regard to Count II we would respectfully request that the court make a directed verdict as to that count.

The motion for judgment of acquittal did not address the issue raised on appeal, whether there was sufficient evidence to show Culpepper specifically

intended to kick Deputy Harris. This is not a case where the ground of specific intent was "obvious and understood by the trial court and counsel." *See id.* The motion focused on the strength of the evidence to show the kick occurred, and this was the basis for the court's ruling. The court found there was sufficient evidence an assault was committed for the matter to be submitted to the jury.

We conclude Culpepper has not preserved error on the issue concerning the sufficiency of the evidence to show specific intent to commit assault of a peace officer. Because the issue has not been preserved, we do not address it. *See State v. Plain*, 898 N.W.2d 801, 813 n.2 (Iowa 2017) ("We do not address the merits of this argument because this issue was not raised below and thus is not preserved for appeal.").

### III.    Ineffective Assistance of Counsel

Culpepper claims she received ineffective assistance because defense counsel did not object to: (1) Deputy Harris's testimony that she intentionally kicked him; (2) the prosecutor's vouching for the officers; and (3) the prosecutor's inflammatory statements during closing arguments.

Section 814.7 (Supp. 2019) prohibits defendants from making a claim of ineffective assistance of counsel on direct appeal. Section 814.7 provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

Section 814.7 became effective on July 1, 2019. *State v. Macke*, 933 N.W.2d 226, 231 (Iowa 2019). The statute applies to appeals after that date. *State*

*v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (finding the statute applied to the defendant's appeal because the judgment and sentence were entered after the effective date of the statute).

Culpepper's judgment and sentence was filed on November 19, 2019, which is after the date section 814.7 became effective. We conclude Culpepper cannot raise her claims of ineffective assistance of counsel in this direct appeal. Ineffective-assistance-of-counsel claims must be raised in postconviction relief proceedings. *See* Iowa Code § 814.7; *State v. Watson*, No. 20-1333, 2021 WL 2452049, at *3 (Iowa Ct. App. June 16, 2021).

After applying our error preservation rules and section 814.7, as amended, we affirm the trial court.

**AFFIRMED.**